IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS KLEIN, | : | |
| | : | CIVIL ACTION NO. **3:CV-10-1690** |
| | : | |
| Plaintiff | : | (Judge Conaboy) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| U.S. BANK, et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 12, 2010, Plaintiff, Dennis Klein, currently a resident of Dingmans Ferry, Pike

County, Pennsylvania, filed, *pro se*, the instant action under 18 U.S.C. § 241 and §242, alleging

fraud and conspiracy by Defendants U.S. Bank, a/k/a GMAC, and the United States Bankruptcy

Court, Middle District of Pennsylvania, with respect to a mortgage foreclosure action instituted

against him by U.S. Bank in the Pike County Court of Common Pleas, and with respect to his

subsequent bankruptcy filings.[1]  (Doc. 1).  Plaintiff alleges that Defendant U.S. Bank, a/k/a GMAC,

---

[1]Plaintiff's *pro se* Complaint consists of two (2) typed pages with attached exhibits.
Plaintiff 's exhibits indicate, in part, that he filed a Chapter 13 Bankruptcy Petition with U.S.
Bankruptcy Court, M.D. Pa., which was docketed to Case No. 5-10-04614.  The 10-4614
bankruptcy case remains pending, and a meeting of creditors has been scheduled for November
22, 2010.
        Plaintiff has filed six Chapter 13 bankruptcy cases in the United States Bankruptcy Court
for the Middle District of Pennsylvania, as follows: (1) 07-bk-53221 RNO; (2) 09-bk-08010 JJT;
(3) 10-bk-01012 RNO; (4) 10-bk-01942 RNO; (5) 10-bk-02809; and (6) 10-bk-04614 JJT.
(Doc. 3, p. 3, n. 3).
        Also, Plaintiff recently filed a prior action with this Court, *Klein v. U.S. Bank, N.A.,* 09-
1705, M.D. Pa., which raised very similar claims as raised in the present case.  *See Klein v. U.S.
Bank, N.A.,* 2010 WL 703255 (M.D. Pa. 2-25-10).  As Defendant U.S. Bank points out,

defrauded him in the state court foreclosure action since it failed to prove it had the right to foreclose against his house by producing the Promissory Note it was claiming to foreclose on, and that the U.S. Bankruptcy Court improperly suppressed evidence in his bankruptcy case and failed to require U.S. Bank to prove that it had the legal right to foreclose on his house. Plaintiff also avers that Defendants "are trying to defraud [him] of [his] house [which] is in [violation] of [his] civil rights." (Doc. 1, p. 2). Thus, it also appears that Plaintiff is asserting a Fourteenth Amendment due process claim against Defendant U.S. Bank with respect to the deprivation of his property, which is tantamount to a civil rights action pursuant to 42 U.S.C. § 1983 if it involves a state actor or agency.[2]

---

Plaintiff's "current complaint filed in this Court is strikingly similar to the one filed in the previous District Court case." (Doc. 3, p. 3). Also, as Defendant states, Plaintiff's present Complaint alleges "the same wrongs and [seeks] the same relief [as his prior Complaint] by way of slightly different causes of action." (*Id.*, p. 4). Defendant has attached to its brief (Doc. 3, Ex. C) a copy of Plaintiff's Complaint he filed in his case # 09-1705. We agree with Defendant and find that Plaintiff is essentially presenting old wine in a new bottle with respect to his present action.

On February 25, 2010, the Court dismissed Plaintiff's previous action, case # 09-1705. *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10).

[2]We do not read Plaintiff's Complaint as alleging the Defendant U.S. Bankruptcy Court violated his constitutional rights and we do not find that Plaintiff is asserting a claim against the Bankruptcy Court under 28 U.S.C. §1331. Regardless, it is clear that Plaintiff cannot bring a civil rights action under §1331 against a federal agency. *See Banks v. Roberts*, 2007 WL 3096585 (3d Cir.)(Non-Precedential) (citing *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)); *Michtavi v. U.S.* ,2008 WL 5703727, *7 (M.D. Pa.). Further, the Bankruptcy Court Judge who was assigned Plaintiff's recent Chapter 13 case, Judge Thomas, is entitled to absolute judicial immunity with respect to Plaintiff's present claims against the Bankruptcy Court which involve judicial decisions in handling Plaintiff's Chapter 13 case. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007).

Specifically, Plaintiff alleges that his "case in bankruptcy court is a case of fraud by the bank [Defendant U.S. Bank] to defraud me of my home. The bank never sent a lawyer to court in person to answer the charges I put against them when order to produce papers proving they have the right to foreclosure they never produce the note showing authority to do so." Plaintiff also seems to aver that the original holder of the Note and loan on his house did not have a legal right to transfer or assign it to Defendant U.S. Bank. Further, Plaintiff alleges that Defendant U.S. Bankruptcy Court "suppressed the evidence the court bring US Bank/gmac into court and have them prove they have legal right to foreclosure or be sanction the for their illegal actions." Plaintiff additionally seems to aver that Defendant U.S. Bankruptcy Court allowed Defendant U.S. Bank to defraud him in his bankruptcy case by failing to make Defendant U.S. Bank produce the Note showing it had the legal right to foreclose on his house and by failing to sanction Defendant U.S. Bank "for their illegal actions." (Doc. 1, p. 2).

Additionally, Plaintiff seems to raise claims under the Truth in Lending Act "TILA" 15 U.S.C. § 1682 and §1692. (*Id.*). Plaintiff simply avers that "this [fraud by U.S. Bank in foreclosing on his house when it could not locate the mortgage] is also under title 15 chapter no. [§] 1692 the bank can not vaildation (sic) of the debt [and] under [§]1682 g-they never produce a VERIFIED DECLARATION OF THE DEBT Its (sic) a clear case of fraud." (*Id.*).

Plaintiff avers that he has attached an exhibit to his Complaint, which is an e-mail from Defendant U.S. Bank's headquarters indicating that Defendant "can not locate the mortgage [to his house] making this a case of fraud by [Defendant U.S. Bank]." Plaintiff concludes his allegations by stating that Defendant U.S. Bank cannot validate his debt and that it never produced a "Verified

Declaration of the Debt." Thus, Plaintiff seems to contend that the foreclosure action Defendant U.S. Bank instituted against him in Pike County Court as well as the actions of this Defendant in U.S. Bankruptcy Court, which were allegedly condoned by Defendant U.S. Bankruptcy Court, constituted "a clear case of fraud." (*Id*.).

As an exhibit, Plaintiff also attaches a copy of his Objection to Defendant U.S. Bank's Proof of Claim filed in his No. 10-04614 Chapter 13 bankruptcy case. In his Objection, Plaintiff stated that Defendant U.S. Bank failed to produce documents showing that it had a valid claim, that Defendant U.S. Bank had no direct knowledge of its claim, that Defendant U.S. Bank's headquarters could not find the mortgage, and that he had the Note which lacked a seal "making it illegal false papers."

Plaintiff does not include a request for relief in his Complaint. Plaintiff paid the required filing fee.

The Summons was issued as to Defendant U.S. Bank and Defendant U. S. Bankruptcy Court. However, it does not appear that Plaintiff served the Summons and his Complaint on eithe4r Defendant. To date, Plaintiff has not served Defendant U.S. Bankruptcy Court, and this Defendant has not responded to the Complaint.

In response to the Complaint, on September 30, 2010, Defendant U.S. Bank, a/k/a GMAC[3], the mortgage holder, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

---

[3]Defendant U.S. Bank notes that GMAC Mortgage, LLC was the servicer of Plaintiff 's loan on his house. Defendant U.S. Bank also notes that GMAC is not an alternative designation for U.S. Bank as Plaintiff seems to indicate in his Complaint. Also, Plaintiff does not appear to dispute this in his opposition brief. As such, we agree with U.S. Bank that it is the correct Defendant. *See* Doc. 3, p. 1, n. 1.

**(Doc. 2).** Defendant U.S. Bank simultaneously filed its support brief with attached exhibits, Exs. A-C. (Doc. 3). Plaintiff filed his 2-page opposition brief with attached exhibits on October 4, 2010. (Doc. 5). Defendant U.S. Bank's Motion to Dismiss is ripe for disposition.[4]

Plaintiff contends in his opposition brief (Doc. 5) that Defendant U.S. Bank failed to respond to the Summons within 20 days. The docket reflects that the response of this Defendant to the Complaint, filed on September 30, 2010, *i.e.* its Motion to Dismiss, was filed even though Plaintiff did not file a Return of Service indicating that this Defendant was served. The Summons was issued on August 12, 2010, when the Complaint was filed. There is nothing on the docket indicating service of the Complaint and Summons on either Defendant.

This Court has jurisdiction over Plaintiff's action under 28 U.S.C. §1331. *See Easley v. New Century Mortg. Corp.*, 2010 WL 3622511, *1 (3d Cir. 9-20-10). Plaintiff properly filed his action in the United States District Court for the Middle District of Pennsylvania since his former property is located in the Middle District of Pennsylvania, and his claims relate to events occurring in the Middle District of Pennsylvania. (*See* Doc. 1).

## II. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued,

---

[4]The undersigned has been assigned this case for pre-trial matters.

"[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

Where  the parties submit exhibits with their filings, a court must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir.1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint ... [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ( *Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint." FN11 *Id.* (internal citations and quotations omitted).) Matters of public record, including government agency records and judicial records, may be

considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

## III. Discussion.

As discussed, Plaintiff states that he is asserting fraud and conspiracy claims against Defendants U.S. Bank and U.S. Bankruptcy Court. Plaintiff basically alleges that U.S. Bank defrauded him during the Pike County foreclosure process and during his most recent Chapter 13 bankruptcy case. Plaintiff states that he did not have his mortgage loan on his house with Defendant U.S. Bank/GMAC, and that Defendant U.S. Bank failed to produce the Note proving that it could foreclose on his house. Plaintiff also states that Defendant U.S. Bank failed to prove it was a valid creditor in his bankruptcy case which was entitled to file a proof of claim. Plaintiff further avers that Defendant U.S. Bankruptcy Court permitted U.S. Bank to defraud him in his bankruptcy case by allowing U.S. Bank to present a false proof of claim which was not supported by any documents, such as the Note, and by not requiring U.S. Bank to prove that it had the legal right to foreclose on his house. Thus, Plaintiff alleges that U.S. Bank defrauded him both in the foreclosure action filed in Pike County Court of Common Pleas and in his recent Chapter 13 case he filed with the Defendant Bankruptcy Court. Plaintiff further seems to aver that the state court and the Bankruptcy Court failed to require U.S. Bank to show that it was legally assigned his mortgage loan and that it had the right to foreclose on his house. Additionally, Plaintiff seems to state that his mortgage loan was illegally transferred to Defendant U.S. Bank and that U.S. Bank had no right to foreclose on his house. Moreover, Plaintiff seems to allege that as a result of U.S. Bank's defrauding the courts, it was allowed to foreclose on his mortgage without due process.

Since Defendant U.S. Bank (Doc. 3, pp. 2-4) has detailed the full factual background of this case in its brief, since Plaintiff has not disputed this background in his opposition brief, and since Defendant's recitation of the background is supported by the exhibits of the parties, we do not repeat it fully herein.

Moreover, the background was detailed by the Court in Plaintiff's prior civil action he filed in Civil No. 09-1705, M.D. Pa. As noted, on February 25, 2010, the Court dismissed Plaintiff's previous M.D. Pa. action, case # 09-1705. *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10). In its February 25, 2010 decision issued in Plaintiff's previous action, case # 09-1705, *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *3, the Court stated:

> The plaintiff [Dennis Klein] alleges that he was in Bankruptcy Court from December of 2006 to March of 2009. He alleges that he was making payments to U.S. Bank during that time. He alleges that once the bankruptcy was done, U.S. Bank told him that they will no longer accept his payments. He alleges that this is the second time that the bank refused to accept his payments. He alleges that the first time the bank refused to accept his payments was in December of 2006 and that he had to file bankruptcy. The plaintiff alleges that it was U.S. Bank's intention all along to defraud him of his house.
> The plaintiff alleges that in April of 2009, he requested that defendant U.S. Bank provide him a copy of the note. He alleges that because the bank did not produce the note he believes that they can not produce the note. He alleges that in June of 2009 he demanded in court papers that defendant U.S. Bank produce the note on his house within thirty days. He alleges that he "put a notice of default against them" in July of 2009. He alleges that he believes that the Clerk of the Pike County Court did not file his papers.

Additionally, we quote from the Pike County Court of Common Pleas' Order issued on August 29, 2007, in the state mortgage foreclosure action Defendant U.S. Bank filed against Plaintiff, Civil No. 803-2007. The Pike County Court of Common Pleas ordered as follows:

> The Plaintiff [U.S. Bank] is entitled to Summary Judgment as a matter of law; Judgment, <u>in</u> <u>rem</u>, shall be entered in favor of Plaintiff and against Defendant Dennis R. Klein, in the amount of $95,101.05 (as calculated from the Complaint) together with ongoing per diem interest, escrow advances, and any additional recoverable costs to date of Sheriff's Sale; and for foreclosure and sale of the mortgaged property.

(Doc. 3, Ex. A, p. 3).[5]

Initially, we agree with Defendant U.S. Bank (Doc. 3, p. 2, n. 2) that Plaintiff's Complaint is in clear violation of Fed. R. Civ. P. 8.[6] *Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

---

[5]As the Court did in Plaintiff's prior action, #09-1705, we take judicial notice of the Order of the Pike County Court of Common Pleas granting Defendant U.S. Bank judgment in its mortgage foreclosure action against Plaintiff. *See Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *3, n. 1(citation omitted).

[6]Since we have stated the appropriate Rule 12(b)(6) Motion to Dismiss standard above, we do not repeat it. Also, Defendant U.S. Bank has stated the proper Rule 12(b)(6) standard in its brief. (Doc. 3, pp. 4-5).

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *4.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give either Defendant fair notice of what Plaintiff's claims against them are and the grounds upon which they rest. Nor does Plaintiff's pleading state a request for relief. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.

While we agree with Defendant U.S. Bank that Plaintiff's Complaint fails to comply with Rule 8, and that it fails to state in understandable fashion each element of his claims and sufficient facts to support each element, we will not recommend that Plaintiff's action be dismissed on this basis, as Defendant suggests. (Doc. 3, p. 5). Rather, we agree with Defendant U.S. Bank that Plaintiff's Complaint should be dismissed with prejudice based upon the *Rooker-Feldman* doctrine and based on *res judicata*.

A. *Rooker-Feldman doctrine*

In *McFall v. Register of Wills for Bucks County, PA*, 352 F. Supp. 2d 544, 547 (E. D. Pa. 2004), the Court stated:

10

A recent Third Circuit decision describes the *Rooker-Feldman* doctrine:

> The *Rooker-Feldman* doctrine, which derives its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), "preclude[s] lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts."

> *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 418 (3d Cir.2003) (quoting *Parkview Assocs. Pshp. v. City of Leb.,* 225 F.3d 321, 325 (3d Cir.2000) (citations omitted)). A claim has not been "actually litigated" for purposes of the *Rooker-Feldman* doctrine if the plaintiff did not present the federal claims in the state court proceeding or if the state court's opinion "contains no discussion of any issues of federal law." *Desi's Pizza, Inc.,* 321 F.3d at 420-21. A claim is not "inextricably intertwined" unless "the federal court must determine that the state court judgment was erroneously entered" in order to grant the federal plaintiff the relief sought or "the federal court must ... take action that would render [the state court's] judgment ineffectual." *Id.* at 421 (citations omitted).

Plaintiff seems to request as relief that this Court vacate the state court order permitting Defendant U.S. Bank to foreclose on his property, and to vacate the Defendant U.S. Bankruptcy Court's order recognizing the proof of claim of U.S. Bank in his Chapter 13 bankruptcy case. Plaintiff asserts that these court orders should be vacated since U.S. Bank defrauded him of his house and failed to prove that it had the legal right to foreclose on his house since it never produced the Note showing that it had "authority to do so." (Doc. 1, p. 2). As stated, Plaintiff avers that both Defendants "are trying to defraud me of the house this is in violation of my civil rights." (*Id.*).[7]

_____

[7]As discussed below, Plaintiff could have appealed a decision of the U.S. Bankruptcy Court to the U.S. District Court M.D. Pa.

Also, Plaintiff could have asserted a fraud claim against U.S. Bank and its proof claim in the Bankruptcy Court. Further, Plaintiff could have asserted his fraud claims against U.S. Bank in the Pike County mortgage foreclosure action in opposing U.S. Bank's Summary Judgment

Insofar as Plaintiff appears to request[8] this Court to vacate the orders of the state court regarding the mortgage foreclosure judgment Defendant U.S. Bank obtained against him, we agree with Defendant U.S. Bank that such relief is clearly barred by the *Rooker-Feldman* doctrine.  *See Hansford v. Bank of America*, 2008 WL 4078460,* 5 (E. D. Pa.) (any claim that would "effectively undo" the state court's foreclosure judgment and its finding that a valid mortgage existed is "inextricably intertwined" with a prior state court judgment, and the Court lacks jurisdiction over such claim under the *Rooker-Feldman* Doctrine);  *Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa. 10-5-09, aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10).

In fact, in Plaintiff's prior case with this Court, *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *7-*8, the Court stated:

> To the extent that the plaintiff is seeking in claims in this case to overturn the foreclosure decision of the state court, this court lacks subject-matter jurisdiction over such claims pursuant to the *RookerFeldman* doctrine.
>
> The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts. The *Rooker-Feldman* doctrine is the doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgements of the states' highest courts. *E.B. v. Verniero,* 119 F.3d 1077, 1090 (3d Cir.1997). The *Rooker-Feldman* doctrine has been interpreted to also apply to final decisions of lower state courts. *Id.* "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction,

---

Motion it filed.

[8]As Defendant recognizes, Plaintiff is not clear about the relief he seeks in his Complaint and his Complaint is in violation of Fed. R. Civ. P 8.  (Doc. 3, p. 8).

on the district courts." *In re Gen. Motors Corp. Products Liability Litigation,* 134 F.3d 133, 143 (3d Cir.1998). The existence of a state court judgment in another case bars a subsequent federal proceeding under *Rooker-Feldman* "when entertaining the federal court claim would be the equivalent of an appellate review of that order." *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *Whiteford v. Reed,* 155 F.3d 671, 673-74 (3d Cir.1998). In other words:

> Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Accordingly, to determine whether *Rooker-Feldman* bars [a] federal suit requires determining exactly what the state court held ... If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

> W*hiteford, supra,* 155 F.3d at 674 (quoting *FOCUS, supra,* 75 F.3d at 849). Insofar as the plaintiff requests this court to vacate the order of the state court regarding the mortgage foreclosure judgment such relief is barred by the *Rooker-Feldman* Doctrine. The state court, in the mortgage foreclosure action filed against the plaintiff, had to have determined that defendant U.S. Bank's foreclosure on the plaintiff's home was valid. The plaintiff's request that this Court "stop the foreclosure" is in essence a request to vacate the determination of the state court and to render the state court's foreclosure judgment void. This Court is precluded by the *Rooker-Feldman* Doctrine from doing so.

We construe Plaintiff's present fraud claims, similar to his claims in his prior case, to be that the mortgage loan on his house could not be legally assigned to Defendant U.S. Bank and that Defendant U.S. Bank failed to produce documents, including the Note, proving that it had the right to foreclose on his house. The Pike County state court, in the mortgage foreclosure action Defendant U.S. Bank filed against Plaintiff, clearly determined that the assignment of the mortgage loan on Plaintiff's Dingmans Ferry house was valid and that U.S. Bank had the right to foreclose on

Plaintiff's mortgage loan. (Doc. 3, Ex. A). We find that Plaintiff is seeking this Court to vacate this determination of the state court and to render the state court's foreclosure judgment as void. We also find that Plaintiff is seeking this Court to find that Defendant U.S. Bankruptcy Court condoned the fraud of Defendant U.S. Bank in his Chapter 13 bankruptcy case by allowing U.S. Bank to file a proof of claim despite the fact that U.S. Bank could not validate its claim by producing the Note.

This Court is precluded by the *Rooker-Feldman* doctrine from vacating the state court's judgment since this would have the effect of undoing the state court foreclosure action. *Hansford v. Bank of America*, 2008 WL 4078460, * 5; *Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa.; *Klein v. U.S. Bank, N.A.*, 2010 WL 703255, *7-*8. We find that Plaintiff's present claims are "inextricably intertwined" with the Pike County Court's adjudication. Thus, Plaintiff's attempt to set aside the state court's order regarding the state mortgage foreclosure action Defendant U.S. Bank instituted against him, and the judgment entered in favor of U.S. Bank,, is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, this Court is precluded from exercising subject matter jurisdiction over Plaintiff's present action and it should be dismissed under Rule 12(b)(1). *See Jacobowitz v. M&T Mortgage Corporation*, *supra*.

As the *Hansford* Court stated:

> This conclusion is supported by decisions of courts in this Circuit. The court of appeals has held that the *Rooker-Feldman* doctrine bars claims for rescission if such claims would have the effect of undoing a state court foreclosure action. *See, e.g., Ayres-Fountain v. Eastern Savings Bank,* 153 F. App'x 91, 92 (3d Cir.2005) (holding that court lacked jurisdiction to resolve rescission claim because it was "inextricably intertwined" with state court default judgment in foreclosure); *Knapper,* 406 F.3d at 580 (holding that *Rooker-Feldman* doctrine applied to prevent bankruptcy court from exercising subject matter jurisdiction over adversary proceeding brought by Chapter 13 debtor to set aside state foreclosures and sheriff's sales); *see also*

> *In re Faust,* 353 B.R. 94 (E.D.Pa.2006) (following entry of judgment in lender's favor in state court mortgage foreclosure action, *Rooker-Feldman* doctrine barred rescission claim, but did not bar action to recoup money damages); *Stuart,* 367 B.R. at 549-50 (holding that under *Rooker-Feldman,* bankruptcy court lacked jurisdiction over rescission claim where mortgage was subject to foreclosure judgment in state court); *Cooley,* 365 B.R. at 470-73 (same); *Reagoso,* 2007 WL 1655376, at *2-3 (same).

2008 WL 4078460,* 5; *Laychock v. Wells Fargo Home Mortg.,* 2008 WL 2890962, * 2 - * 3 (E.D. Pa.); *Moncrief v. Chase Manhattan Mortg. Corp.,* 275 Fed. Appx. 149, 152-53) (3d Cir. 2008) ("to the extent that [plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under *Rooker-Feldman*.") (citation omitted); *Collazo v. Option One Mortg. Corp.,* 2009 WL 3856671 (11-16-09).

We find that the *Rooker-Feldman* doctrine bars Plaintiff's present fraud claims against U.S. Bank since adjudicating these claims would mean that "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment ... ." *In re Knapper,* 407 F. 3d 573, 581 (3d Cir. 2005)(citation omitted). Thus, the *Rooker-Feldman* doctrine "does not allow a Plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *Id.* (citation omitted). We also find that Plaintiff's instant fraud claims against U.S. Bank relate to alleged wrongs which occurred during the Pike County mortgage foreclosure action and that they could have been presented by Plaintiff to this state court. We find that the Pike County Court's foreclosure judgment it granted to U.S. Bank would be directly implicated by a finding by this Court in the present case that U.S. Bank committed fraud during the state court foreclosure case.

Additionally, we agree with Defendant U.S. Bank that Plaintiff's attempt, once again, to relitigate the state court foreclosure action is not permitted based on Pennsylvania's preclusion doctrine.  In *Moncrief v. Chase Manhattan Mortg. Corp.*, the Court stated:

> It appears that Moncrief also seeks to relitigate the foreclosure action, which, while not barred by *Rooker-Feldman*, is prohibited by Pennsylvania preclusion doctrine.  Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them.  *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).  Under Pennsylvania law, claim preclusion is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.  *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A2d. 309, 313 (1995) (internal citations omitted).

275 Fed. Appx. 149, 153 (3d Cir. 2008)(footnote omitted).

Despite Plaintiff's contention in his opposition brief that he "never recieved (sic) or been in PA state court to contest the foreclosure (sic)" (Doc. 5), Plaintiff could have litigated in state court his present claims challenging the mortgage foreclosure action Defendant U.S. Bank filed against him in Pike County.  (*See* Doc. 3, Ex. A).  The Pennsylvania claim preclusion doctrine now prohibits such claims.

Moreover, as the *Hansford* Court stated:

> Claim preclusion, or *res judicata*, "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action ." *Williams v. City of Allentown*, 25 F.Supp.2d 599, 602 (E.D.Pa.1998) ( *citing Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir.1993)). In order to successfully invoke claim preclusion, a party must show that there has been:

> (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir.1984). "All facts, allegations, and legal theories which support a particular claim, as well as all possible remedies and defenses, must be presented in one action or are lost." *Williams,* 25 F.Supp.2d at 602 ( *citing* 18 James Wm. Moore, et al., Moore's Federal Practice § 131.01 (3d ed.1998)).

2008 WL 4978460 at *5-*6; *Collazo,* 2009 WL 3856671, * 5.

Thus, insofar as Plaintiff alleges that the foreclosure action instituted by Defendant U.S. Bank in Pike County was based on fraud and that Defendant U.S. Bank did not have a legal right to foreclose on his house, these claims are barred by Pennsylvania's preclusion doctrine since they are based on the same transaction that was at issue in the state court mortgage foreclosure action. *Id*.; *Laychock,* 2008 WL 2890962, *4; *Jacobowitz v. M&T Mortgage Corporation*, *supra*. Further, this Court has recently found in *Klein v. U.S. Bank, N.A.,* 2010 WL 703255, *7-*8, that Plaintiff 's claims attacking the Pike County Court's foreclosure judgment and, attacking Defendant U.S. Bank's legal interest in his house and the right to foreclose on it are barred by the Rooker-Feldman doctrine. Thus, Plaintiff's instant action is also barred by the federal preclusion doctrine as Defendant U.S. Bank contends.

Additionally, as Defendant U.S. Bank points out, Plaintiff's claim is barred under *res judicata*. In *Easley*, the Court stated:

> In Pennsylvania, [FN3] a claim is barred under res judicata if it shares four conditions in common with an earlier claim: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner,* 449 F.3d at 548. Easley's CPL [fraud] claim is based on allegations related to her mortgage, including events leading up to its execution, and events leading up to and including the foreclosure. The "thing sued upon" is therefore the same, as are the parties, whose capacities to sue and be sued are not in dispute.

17

> FN3. Federal courts are required to give state court judgments the same preclusive effect that the issuing state courts would give them. *See Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 887 (3d Cir.1997).

2010 WL 3622511, *3.

We find that Plaintiff's present fraud claims against Defendant U.S. Bank are related to the assignment of the mortgage loan to U.S. Bank, as well as the foreclosure action U.S. Bank instituted against Plaintiff, and that Plaintiff could have asserted his present claims in the Pike County foreclosure action. *Id.* Further, Plaintiff "is also precluded under *res judicata* from raising the [fraud] claim if [he] could have brought the claim in the bankruptcy proceeding." *Id.* In *Easley*, the Court stated:

> In *Eastern Minerals & Chemicals Co. v. Mahan,* 225 F.3d 330, 337-38 (3d Cir.2000), we held that "c]laim preclusion [does not bar] every conceivable claim that could have been brought in the context of a bankruptcy case," and that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." We cannot imagine how her claim could be any more closely related to New Century's assertions in the bankruptcy case that it held the mortgage and that payments were due.

2010 WL 3622511, *3.

Also, to the extent that Plaintiff seems to request this Court to vacate the Bankruptcy Court's finding that U. S. Bank's proof of claim filed in his latest Chapter 13 case was valid and that the mortgage loan on his house was assignable to U.S. Bank, Plaintiff could have filed an appeal of these decisions to the District Court, Middle District of Pennsylvania, but he had to do so in a timely fashion, *i.e.,* ten days under Fed. Rule of Bankruptcy Procedure 8002(a). *See Rocco v. J.P. Morgan*

*Chase Bank*, 255 Fed. Appx. 638, 640 (3d Cir. 2007); *Jacobowitz v. M&T Mortgage Corporation*, *supra*. Plaintiff could have then appealed any adverse decision of the District Court to the Third Circuit Court of Appeals. *Id.* ("We [Third Circuit] review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion."). Plaintiff may now be time barred from appealing the Bankruptcy Court Orders to the District Court. *See In Re Allegheny Health Educ. & Research Foundation*, 181 Fed. Appx. 289 (3d Cir. 2006) (Third Circuit dismissed as untimely a notice of appeal of a Bankruptcy Court order to District Court outside 10-day period required under Bank Rule 8002(a)). Thus, Plaintiff could have appealed any Bankruptcy Court order which allegedly defrauded him of his house and which recognized U.S. Bank's proof of claim to the District Court within ten (10) days of the Order. *Id.* "The failure to file a timely notice of appeal deprives the District Court of jurisdiction to hear the appeal." *Id.* at 291 (citation omitted). Therefore, insofar as Plaintiff is time- barred from appealing any decision of the Bankruptcy Court to this Court, and this Court lacks jurisdiction to hear any appeal of the Bankruptcy Court's Order.

Additionally, if Plaintiff's fraud claims against U.S. Bank raised in the present case are based on the same cause of action as to any claim Plaintiff actually asserted against U.S. Bank in his numerous (*i.e.* six) Chapter 13 bankruptcy cases, then these claims would be barred by the doctrine of claim preclusion or *res judicata*. *See Hanford*, 2008 WL 4978460, * 5; *Jacobowitz v. M&T Mortgage Corporation*, *supra*.

Further, insofar as Plaintiff alleges that Defendant U.S. Bank is trying to defraud him of his house in violation of his his civil rights, we construe Plaintiff as claiming, in part, that his action is for civil rights violations under § 1983 alleging violations of his due process rights with respect to

Defendant U.S. Bank's foreclosure action. We will recommend that this claim be dismissed as against Defendant U.S. Bank since this Defendant is not a state agency. Defendant U.S. Bank was that the holder of mortgage loan on Plaintiff's house, and it is a private corporation. As such, it is not a proper Defendant under § 1983. *See Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, * 1 (M.D. Pa.) (A private company is not an appropriate defendant in a § 1983 civil rights action because it is not acting under color of state law.)(citations omitted); *Jacobowitz v. M&T Mortgage Corporation*, *372* Fed. Appx. at 227 (M&T Mortgage corp. was not a state agency). Further, Plaintiff's Complaint does not allege that Defendant U.S. Bank was acting under color of state law with respect to the mortgage foreclosure action it instituted against Plaintiff in Pike County Court. Thus, we will recommend that Plaintiff's Complaint be dismissed as against Defendant U.S. Bank to the extent it raises a civil rights claim.

We also find that Plaintiff's claims against Defendant U.S. Bank as to its conduct in the stated court actions and his claim that Defendant U.S. Bank's conduct amounted to violations of his civil rights, seemingly his Fourteenth Amendment procedural due process rights, are precluded by the *Rooker-Feldman* doctrine. *See Laychock*, 2008 WL 2890962, *5. "[Plaintiffs'] constitutional deprivation depends on a finding the foreclosure was illegal. Such a finding requires deciding the state court was wrong in entering the ... mortgage foreclosure. *In re Knapper*, 40 F. 3d at 581(finding *Rooker-Feldman* precluded Knapper's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court ... judgment was 'improperly obtained'." *See also Jacobowitz v. M&T Mortgage Corporation, supra*.

Therefore, we will recommend that any constitutional claim Plaintiff is construed as raising in his Complaint for violations of § 1983 against Defendant U.S. Bank be dismissed with prejudice. *Id.*

Thus, we will recommend that Defendant U.S. Bank's Motion to Dismiss be granted **(Doc. 2)** and that Plaintiff's claims against this Defendant be dismissed with prejudice. Based on Plaintiff's recent case, 09-1705, dismissing his similar claims and since any amendment of his Complaint would be futile under the *Rooker-Feldman* doctrine and *res judicata*, we recommend that this case be dismissed with prejudice. *See Easley*, 2010 WL 3622511, *4; *Jacobowitz v. M&T Mortgage Corporation*, *supra*.

B. *Defendant U.S. Bankruptcy Court*

As stated, to date, Plaintiff has not served Defendant U.S. Bankruptcy Court with the Summons and with his Complaint. Regardless, we will also recommend that Defendant U.S. Bankruptcy Court be dismissed based on sovereign immunity and absolute judicial immunity. It is apparent on the face of Plaintiff's pleading that Defendant U.S. Bankruptcy Court should be dismissed.

"A federal court is without jurisdiction to entertain a suit for money damages against the USA or its agencies unless sovereign immunity has been expressly waived." *Cadmus v. U.S.*, 2009 WL 1532059, *3 (M.D. Pa. 6-1-09)(citation omitted). Also, "there can be no action for damages against the United States or an agency of the federal government for alleged deprivations of constitutional rights." *Id.*(citation omitted); *See Reynolds v. Federal BOP*, 2010 WL 744127, * 3 (E.D. Pa.). Further, insofar as Plaintiff is seeking damages from Judge Thomas of the U.S. Bankruptcy Court,

M.D. Pa., who is presiding over his pending Chapter 13 case he filed June 2, 2010, #10-BK-4614-JJT (Judge Thomas), in his official capacity, Plaintiff's suit is barred by sovereign immunity. *See Rush v. Wiseman*, 2010 WL 1705299, *6 (E.D. Pa. 4-27-10). Judge Thomas is a federal employee and if Plaintiff is seeking damages against him in his official capacity, they are barred by sovereign immunity. *Id.*[9]

Further, to the extent Plaintiff is suing Judge Thomas of the U.S. Bankruptcy Court in his individual capacity and to the extent Plaintiff is seeking damages, we find that Judge Thomas is entitled to absolute judicial immunity. Based on *Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007), we find that M.D. Pa., U.S. Bankruptcy Judge Thomas, who presided over Defendant U.S. Bankruptcy Court and Plaintiff's Chapter 13 case, is entitled to absolute judicial immunity with respect to Plaintiff's claims against the Court insofar as Plaintiff seeks monetary damages. We find that Plaintiff's present claims against Defendant U.S. Bankruptcy Court, stated above, relate to the performance of Judge Thomas' judicial duties in handling Plaintiff's Chapter 13 case, and that these claims are precluded by absolute judicial immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.), the Court stated:

> Judges receive absolute immunity for acts performed when discharging judicial duties. *See Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000). A litigant may overcome the immunity only in two circumstances. First, a judge receives no immunity for acts performed outside of his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Second, a judge is not immune from liability for actions that "though judicial in nature, [are] taken in the complete absence

---

[9]As stated, it is not clear what relief Plaintiff is seeking in his Complaint.

> of all jurisdiction." *Id.* at 12. Immunity extends to all federal and
> state judges regardless of whether they exercise general or limited
> jurisdiction. *See Figueroa,* 208 F.3d at 443-44 ("Irrespective of a judge's
> status in the hierarchy of the judicial system, the need for independence
> and for freedom from the threat of a suit for damages is an indispensable
> ingredient in the proper administration of justice."); *Maher v. Renninger,*
> No. Civ.A. 07-2979, 2008 WL 1995046, at *4 (E.D. Pa. May 7, 2008).

*See Rush v. Wiseman*, 2010 WL 1705299, *7.

As discussed above, Plaintiff's claims against Defendant U.S. Bankruptcy Court clearly arise from actions Judge Thomas performed while discharging his judicial duties in administering Plaintiff's Chapter 13 case, such failing to suppress evidence in the U.S. Bankruptcy Court regarding the proof of claim U.S. Bank filed since the Bank allegedly did not prove that it had a legal interest in Plaintiff's house. The alleged improper action taken by Judge Thomas of the U.S. Bankruptcy Court was taken within his jurisdiction and it was performed in his judicial capacity. The decisions of Judge Thomas to allow the proof of claim of Defendant U.S. Bank, to find that the Bank was assigned Plaintiff's mortgage loan on his house, and to find that the Bank had a valid debt which was owed by Plaintiff, "plainly assert claims associated with the judicial Defendant['s] performance of [his] official functions within the exercise of [his] jurisdiction." *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7. Also, it is clear that Judge Thomas was acting within his jurisdiction to hear Plaintiff's Chapter 13 case and to decide which creditors had valid claims against Plaintiff.

Even if Plaintiff is seeking equitable relief, such as injunctive relief, from Defendant U.S. Bankruptcy Court and Judge Thomas, we find that such relief is also barred by judicial immunity. As the Court stated in *Rush v. Wiseman*, 2010 WL 1705299, *11, "[u]nder Third Circuit law, injunctive relief is not available against federal judges unless a declaratory decree has been violated

or declaratory relief is unavailable." In our case, Plaintiff does not allege that a declaratory decree was violated and we do not find that declaratory relief is not available. Also, Plaintiff has not pleaded a cognizable claim for declaratory relief in his Complaint.

Thus, we will recommend that Defendant U.S. Bankruptcy Court acting through Judge Thomas be dismissed from this action with prejudice, since Plaintiff's action against the U.S. Bankruptcy Court is barred by sovereign immunity and since Judge Thomas is entitled to absolute judicial immunity with respect to any claims for damages.[10]

C. TILA Claims against Defendant U.S. Bank

As stated, Plaintiff raises vague claims under the TILA, 15 U.S.C. §§ 1601, *et seq.*, against Defendant U.S. Bank. We find that any TILA claims Plaintiff is attempting to assert against Defendant U.S. Bank regarding the Pike County foreclosure action this Defendant instituted against him is precluded by the *Rooker-Feldman* doctrine. *See Jacobowitz v. M&T Mortgage Corp.*, 372 Fed. Appx. at 227-228 citing *In re Madera*, 586 F. 3d 228 (3d cir. 2009)("holding that *Rooker-Feldman* doctrine barred mortgagors' TILA claims for rescission of mortgage, given that favorable judgment on rescission claims would necessarily negate state-court foreclosure judgment"). In *Jacobowitz*, the Third Circuit Court noted, "To the extent that the complaint contained a free-standing request to vacate the state-court foreclosure judgment, as well as a related order entered in the Jacobowitzes's bankruptcy case, the Magistrate Judge [Blewitt] correctly concluded that any such request would be precluded by the *Rooker-Feldman* doctrine." *Id*. at 228, n. 2.

---

[10]We will recommend that all of Plaintiff's claims against Defendant U.S. Bankruptcy Court be dismissed with prejudice since leave to amend his claims against this federal court and its judge would be futile based on sovereign immunity and absolute immunity. *See Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7.

As discussed above, it is not clear if Plaintiff is asserting TILA claims for rescission of his mortgage which was assigned to U.S. Bank since he alleges that the original lender did not have the right to transfer his Note to U.S. Bank and that U.S. Bank did not have the right to foreclose on his house. In any event, we find that any claim Plaintiff may be raising under the TILA based on the allegations of this case are precluded by the *Rooker-Feldman* doctrine. We find that a favorable judgment on Plaintiff's TILA claims would necessarily negate the Pike County Court's foreclosure judgment against Plaintiff.

Further, we find that any claims Plaintiff may be asserting for damages under the TILA are time barred. *See Jacobowitz v. M&T Mortgage Corp.,* 372 Fed. Appx. at 228; *Roche v. Sparkle City Realty*, 2009 WL 1674417, * 2 (E.D. Pa. 6-12-09). As the Third Circuit Court in *Jacobowitz v. M&T Mortgage Corp.*, 372 Fed. Appx. at 228, stated:

> We also agree with the Magistrate Judge [Blewitt] that the Jacobowitzes's claim for damages under the TILA was time-barred. Pursuant to 15 U.S.C. § 1640(e), TILA claims for money damages must be brought within one year of the date of the mortgage, unless they are brought as a defense to an action to collect the debt. *Id.*; *see also Ramadan v. Chase Manhattan Corp.,* 156 F.3d 499, 500-01 (3d Cir.1998). The mortgage at issue here was entered into in 1999, approximately ten years before the Jacobowitzes commenced this action, and this action is not an action to collect a debt. Therefore, the District Court correctly concluded that the Jacobowitzes's TILA claim for damages was untimely.

In our case, as Defendant U.S. Bank states, "on March 24, 2005, Mr. Klein executed a note and mortgage in favor of EquiFirst Corporation, the loan originator, in connection with a $85,000 loan (the "Loan"). The mortgage encumbered Mr. Klein's real property known as 141 Michelle Lane, Dingmans Ferry, PA 18328 (the "Property"). (Doc. 3, p. 2).

Since Plaintiff's mortgage was entered in March 2005, over 5 years before Plaintiff instituted this action, which is not an action to collect a debt, any TILA claim for damages Plaintiff may be raising is untimely.[11]  *See  Jacobowitz v. M&T Mortgage Corp.,* 372 Fed. Appx. at 228.

## IV. Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss Plaintiff's Complaint of Defendant U.S. Bank a/k/a GMAC Mortgage LLC, **(Doc. 2)** be granted, and that this case be dismissed with prejudice in its entirety as against this Defendant.  It is also recommended that Defendant U.S. Bankruptcy Court be dismissed from this case with prejudice.  Further, it is

---

[11] As stated, Plaintiff does not specifically request any relief in his Complaint.

recommended that Plaintiff's entire action against both Defendants be dismissed with prejudice.[12]


<br><br>

                        **s/ Thomas M. Blewitt**
                        **THOMAS M. BLEWITT**
                        **United States Magistrate Judge**

**Dated: November 15, 2010**

---

[12]Pursuant to our above discussion, we find futility of any amendment of Plaintiff's stated claims against both Defendants, and we shall not recommend Plaintiff be granted leave to amend his pleading with respect to these claims. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Jacobowitz v. M&T Mortgage Corp.,* 372 Fed. Appx. at 228.

As the Court stated in *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.):

> *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston,* 363 F.3d at 235; *see, e.g., Gurreri v. Adams County Prison,* Civil No. 3:CV-07-2198, 2008 WL 170599, at *2 (M.D.Pa. Jan.17, 2008) (affording the plaintiff an opportunity to amend his complaint after inappropriately naming the county prison as a defendant). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recovery is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS KLEIN,              :

                       :       CIVIL ACTION NO. **3:CV-10-1690**

                       :

        Plaintiff       :       (Judge Conaboy)

                       :

        v.           :       (Magistrate Judge Blewitt)

                       :

U.S. BANK, et al.,         :

                       :

                       :

        Defendants    :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 15, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basi

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: November 15, 2010**